N. Meloccaro Co.
vs. } No. 89830.
Ralph R. Ronzio, et al.

July 8, 1933.

CAPOTOSTO, J. Assumpsit. Verdict for the plaintiff for $1,143.48. Defendant moves for a new trial claiming that the verdict is against the evidence.

The plaintiff is a corporation in form but an individual in substance. Meloccaro, a building contractor, is a brother-in-law of the defendant. Ronzio is an artist of the vaudeville stage with a national reputation. The dispute concerns the building of a gasoline station by the plaintiff for the defendant on Reservoir Avenue in the City of Providence. Meloccaro contends that it was a definite cost plus 10% contract; Ronzio claims that the agreement was for a sum not to exceed $5,000. The plaintiff has been paid $5,000. He now sues for an alleged unpaid balance of $1,397.56, which sum includes his 10% profit.

As often happens among those of Latin temperament, the preliminary discussions took place around the kitchen table, which offered tangible cordiality to the gathering. The plaintiff had not built a gasoline station before and has not built one since. The defendant entertained the proposition not to become a dispenser of gasoline, but rather in the hope of securing a rental income from otherwise vacant land.

Ronzio had three lots of land: one, a corner lot on Reservoir Avenue, suitable for a gas station, and two other contiguous lots which the plaintiff was anxious to secure for himself as an addition or protection to his rather pretentious home. These two lots figured in the bargain. Later they became the apple of discord between the parties.

It was the duty of the plaintiff to prove his contract of cost plus 10% by a fair preponderance of the credible evidence. There are quite a few circumstances which seriously militate against his claim. In the first place, making every allowance for any deficiency in expression, his testimony was general in character, at times evasive, and certainly unique with reference to the manner that the two extra lots were to be handled in the deal. Secondly, he could not tell when or where the final agreement was made, whether in his house or at the de-

fendant's. Then again, the claim in suit was disclosed some considerable time after the work was finished and not until after the two lots had been sold by the defendant to a third party.

In attempting to support his claim, the plaintiff produced Mr. Joseph F. McSoley, a public accountant, who testified that he was a friend of the family and also did work for Meloccaro; that one evening, about nine o'clock, he went to plaintiff's house on some minor business matter and sat in the kitchen with the plaintiff, his wife, Mr. and Mrs. Di Chiara and the defendant, until he left around 12:30 A. M.; that the gasoline station was a topic of discussion, although at that time no plans were as yet in existence; that he heard the plaintiff say to the defendant that it would cost around $5,000 plus 10%; that it was "cost plus 10% they were talking about." He did not say that any definite understanding was reached that night. All told, his testimony is nothing more than the recollection of some loose general conversation which so frequently precedes a contemplated agreement.

The defendant's version of the transaction is far more definite and reasonable. He claims that they agreed upon the total maximum price of $5,000; that he relied upon his brother-in-law's representations as to what he could do for that sum; that he met his demands for money whenever made and at great sacrifice to himself; that when he made the last payment he asked for a receipt but was told by Meloccaro that he did not need one because his checks were as good as receipts, and that after all it was "in the family;" that at no time did he receive any bill or statement of any balance due, and that is was not until he had sold the two lots in which the plaintiff was interested that the claim was made and suit instituted. The defendant's contention is corroborated by Mrs. Ronzio and by Mr. and Mrs. Di Chiara.

In rebuttal, the plaintiff produced Mrs. Cecilia Palmer, a neighbor and friend of Mrs. Ronzio, in an effort to contradict Mrs. Di Chiara on a collateral issue. This witness seemed disinterested and willing to tell only what she herself recollected. She testified that one evening, indefinite in her mind, she called at the plaintiff's house around 11 P. M.; that she stayed in the kitchen and saw Mr. and Mrs. Di Chiara and Mr. McSoley there in addition to the plaintiff and his wife. In answer to a question by the Court, she said that she did not see the defendant that night. If the plaintiff sought to convey the impression that this visit by Mrs. Palmer occurred on the same night that Mr. McSoley had already testified to, he weakened his own case. If this testimony had reference to some other night, then the evidence was immaterial.

The case was given to the jury on a clear cut issue: Was the contract one of cost plus 10%, or was it for a sum not to exceed $5,000? It was not a question of reasonable compensation for work and labor done. Although the plaintiff's claim was for $1,397.56, the jury returned a verdict for $1,143.48. The Court was curious to know how the jury arrived at this amount and after a little figuring of its own, came to the conclusion that the computation was as follows: If we subtract $581.60, the amount of the plaintiff's profit as fixed by himself, from the entire claim of $1,397.56, we have $815.96 as an alleged unpaid balance for material and labor; interest on this sum from the date of the writ, 9 months, comes to $36.72, making a total of $852.68; upon adding to this last sum one-half of $581.60, the original profit fixed by the plaintiff for himself, or $290.80, we get the sum of $1,143.48. The jury, by its verdict

of $1,143.48, took it upon itself to make a third contract for the parties, namely, cost plus 5%. While it gave the defendant an unrequested discount, it strayed from the real issue in the case.

Irrespective of any figures, however, the Court, after a careful examination of the testimony as given and as recorded, is of the opinion that the plaintiff failed to prove his case by a fair preponderance of the credible evidence. The issue between the parties should be submitted to another jury.

Motion for new trial granted.

For plaintiff: John A. Bucklin, George Roche.

For defendant: Joseph Veneziale.